**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

DAMIAN GARCIA BAUTISTA
1410 Oak Street NW
Washington, DC 20010

Plaintiff,

v.

PIZZETTI 824, INC.
d/b/a KOMI
d/b/a LITTLE SEROW
1509 17th Street NW
Washington, DC 20036

IOANIS MONIS
a/k/a JOHNNY MONIS
1435 Q Street NW
Washington, DC 20009

Defendants.

Civil Action No. __________________

**COMPLAINT**

**Introduction**

1. Plaintiff was a dishwasher at “Komi” and “Little Serow,” two high-end restaurants that are owned and operated by defendants. Plaintiff brings this action to recover damages for defendants’ willful failure to pay overtime wages, in violation of: the Fair Labor Standards Act (“FLSA”), 29 U.S.C. § 201 *et seq.*; the District of Columbia Wage Payment and Collection Law (“DCWPCL”), D.C. Code §§ 32-1301 *et seq.*; and the District of Columbia Minimum Wage Act Revision Act (“DCMWA”), D.C. Code, § 32-1001 *et seq.*

## Jurisdiction and Venue

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) defendants resides in this district, and a substantial part of the acts or omissions giving rise to plaintiff's claims occurred in this district.

## Parties

4. Plaintiff is an adult resident of Washington, DC.

5. Defendant Pizzetti 824, Inc. is a District of Columbia corporation with its principal place of business at 1509 17th Street NW, Washington, DC 20009. Pizzetti 824, Inc. does business at this address as both "Komi" and "Little Serow." Pizzetti 824, Inc.'s resident agent for service of process is Defendant Ioanis Monis.

6. Defendant Ioanis Monis is an adult resident of Washington, DC. He is also known as "Johnny Monis." He is an owner and officer of Defendant Pizzetti 824, Inc. He is in charge of operations at both "Komi" and "Little Serow."

## Factual Allegations

7. Defendants own and operate two high-end restaurants, "Komi" and "Little Serow." These restaurants are both located at 1509 17th Street NW, Washington, DC 20036. "Komi" occupies the first floor of this building; "Little Serow" occupies the basement.

8. Plaintiff was hired by Ioanis Monis.

9. Defendants employed plaintiff as a kitchen hand and dishwasher.

10. Defendants employed plaintiff from 2009 through approximately October 16, 2014.

11. Plaintiff initially worked in the kitchen of Komi. While working in the kitchen of Komi, plaintiff typically worked 69 hours per workweek. While working in the kitchen of Komi, plaintiff's typical schedule was:

| | | |
|---|---|---|
| Monday: | CLOSED | |
| Tuesday: | 11:00 am – 12:00 am | (13 Hours) |
| Wednesday: | 11:00 am – 12:00 am | (13 Hours) |
| Thursday: | 11:00 am – 12:00 am | (13 Hours) |
| Friday: | 11:00 am – 2:00 am | (15 Hours) |
| Saturday: | 11:00 am – 2:00 am | (15 Hours) |
| Sunday: | CLOSED | |

12. In November of 2011, Ioanis Monis instructed plaintiff to start working downstairs in the kitchen of Little Serow. While working in the kitchen of Little Serow, plaintiff typically worked 63 hours per workweek. While working in the kitchen of Little Serow, plaintiff's typical schedule was:

| | | |
|---|---|---|
| Monday: | CLOSED | |
| Tuesday: | 11:00 am – 11:00 pm | (12 Hours) |
| Wednesday: | 11:00 am – 11:00 pm | (12 Hours) |
| Thursday: | 11:00 am – 11:00 pm | (12 Hours) |
| Friday: | 11:00 am – 12:30 am | (13.5 Hours) |
| Saturday: | 11:00 am – 12:30 am | (13.5 Hours) |
| Sunday: | CLOSED | |

13. At all relevant times, plaintiff was not permitted to breaks of more than 10 minutes.

14. Apart from Christmas Day, Thanksgiving Day, and the first 5-9 days of the year, plaintiff did not generally receive vacation.

15. From the start of plaintiff's employment through approximately September 7, 2013, defendants paid plaintiff a salary of $1,200.00 every two weeks, regardless of how many hours plaintiff worked.

16. From approximately September 8, 2013 through approximately December 28, 2013, defendants paid plaintiff a salary of $1,269.23 every two weeks, regardless of how many hours plaintiff worked.

17. From approximately December 29, 2013 through October 16, 2014, defendants paid plaintiff a salary of $1,346.15 every two weeks, regardless of how many hours plaintiff worked.

18. Plaintiff resigned from his employment by defendants on October 16, 2014.

19. For plaintiff's work over the last three years, defendants owe plaintiff approximately **$16,951.59** in overtime wages.

20. At all relevant times, defendants were joint employers of plaintiff within the meaning of 29 C.F.R. § 791.2.

21. At all relevant times, each of the defendants had the power to fire plaintiff. Defendant Ioanis Monis personally hired and/or fired a number of staff at both Komi and Little Serow.

22. At all relevant times, each of the defendants had the power to supervise plaintiff's work and control plaintiff's work schedule. Defendant Ioanis Monis often directed plaintiff during his work and told plaintiff when he should come to the restaurants or leave the restaurants.

23. At all relevant times, each defendant had the power to set plaintiff's rate of pay. Defendant Ioanis Monis controlled defendants' pay practices and set plaintiff's salary.

24. At all relevant times, defendants' business had more than two employees, and had an annual gross volume of sales made or business done of $500,000.00.

25. At all relevant times, defendants were aware that they were legally required to pay plaintiff one and one-half times his regular rate for all hours worked in excess of 40 hours in any one workweek.

26. At all relevant times, defendants were aware that they were legally required to timely pay plaintiff all wages that plaintiff was legally due.

27. At all relevant times, defendants did not maintain true and accurate records of each hour, day, and week worked by plaintiff, as required by 29 C.F.R. § 516 and D.C. Code § 32-1008. Accordingly, the exact amount of hours worked by and wages owed to plaintiff will only be known through discovery.

**COUNT I**

**FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA**

28. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

29. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1).

30. Defendants violated the FLSA by knowingly failing to pay plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of 40 hours in any one workweek.

31. Defendants' violations of the FLSA were willful.

32. For their violations of the FLSA, defendants are liable to plaintiff for unpaid overtime compensation, an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

**COUNT II**

**FAILURE TO PAY OVERTIME WAGES UNDER THE DCMWA**

33. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

34. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. D.C. Code § 32-1003(c).

35. Defendants violated the DCMWA by knowingly failing to pay plaintiff one and one-half times his regular hourly rate for hours worked in excess of 40 hours in any one workweek.

36. Defendants' violations of the DCMWA were willful.

37. For their violations of the DCMWA, defendants are liable to plaintiff for unpaid overtime compensation, an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

**COUNT III**

**FAILURE TO PAY WAGES UNDER THE DCWPCL**

38. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

39. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

40. For purposes of the DCWPCL, "wages" include, among other things, overtime wages. D.C Code § 32-1301(3).

41. Defendants violated the DCWPCL by knowingly failing to pay plaintiff all wages earned, including overtime wages.

42. Defendants' violations of the DCWPCL were willful.

43. For their violations of the DCWPCL, defendants are liable to plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, court costs,

reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter judgment against all defendants, jointly and severally, on all counts, and grant the following relief:

a. Award plaintiff **$67,806.36**, consisting of the following overlapping elements:

   i. **$33,903.18**, constituting unpaid overtime wages ($16,951.59), plus an equal amount as liquidated damages ($16,951.59), pursuant to the FLSA, 29 U.S.C. § 216;

   ii. **$50,727.34**, constituting unpaid overtime wages ($16,951.59), plus an equal amount as liquidated damages ($16,951.59), pursuant to the DCMWA, D.C. Code § 32-1012;

   iii. **$67,806.36**, constituting unpaid wages ($16,951.59), plus three times the amount of unpaid wages earned as liquidated damages ($50,854.77), pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b. Award plaintiff prejudgment and postjudgment interest as permitted by law.

c. Award plaintiff reasonable attorneys' fees and expenses incurred in the prosecution of this action;

d. Award plaintiff court costs; and

e. Award any additional relief the Court deems just.

Date: 10/26/2014

Respectfully submitted,

/s/ Justin Zelikovitz, Esq.
Justin Zelikovitz, #986001
LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
519 H Street NW, Second Floor
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com